# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **PURETALK HOLDINGS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | _____ |
| | ) | |
| **PURETALK.COM, A DOMAIN NAME, AND JOHN DOE,** | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## VERIFIED COMPLAINT

**COMES NOW**, Puretalk Holdings, Inc. ("**Puretalk**"), and alleges the following as its *in rem* complaint against the defendants, <puretalk.com> (the "**Disputed Domain**") and John Doe:

## NATURE OF THE ACTION

1. This is an *in rem* action under the Anticybersquatting Consumer Protection Act (the "**ACPA**"), 15 U.S.C. § 1125(d), for injunctive relief and other relief in relation to the bad faith registration and use of the Disputed Domain, which infringes upon Puretalk's distinctive PURETALK™ registered service mark,

registration no. 5545081 with the United States Patent and Trademark Office, a copy of which is attached hereto as **Exhibit A**.

2. Additional *in rem* claims are also brought, which include a claim for quiet title and conversion.

## THE PARTIES

3. Plaintiff Puretalk is a corporation organized under the laws of Georgia and doing business within the United States.

4. *Res*-Defendant <puretalk.com> is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered by Media Elite Holdings Limited (the "**Registrant**"), as evidenced by **Exhibit B** attached hereto.

5. On information and belief, the registrar for the Disputed Domain is registermatrix.com (the "**Registrar**"), with its principal place of business in Panama City, Panama.

6. On information and belief, the registry for the .com gTLD <puretalk.com> is VeriSign, Inc. d/b/a Public Interest Registry, a Delaware corporation, with its principal place of business in Alexandria, Virginia.

## JURISDICTION AND VENUE

7. This action arises, *inter alia*, under Section 2201 of the Judicial Code, 28 U.S.C. § 2201, and Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

8. This Court has subject matter jurisdiction over this action pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1131 (federal question jurisdiction) and 1338(a) (trademark infringement) of the Judicial Code, 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1139(b)(2) and 15 U.S.C. § 1125(d)(2)(C) because the cause of action arises in this District and the *res* (i.e. the Disputed Domain) that is subject to this action, is maintained by a registry, Public Interest Registry, within the boundaries of this District, and which has its *situs* within this District.

10. This Court has *in rem* jurisdiction over the Disputed Domain pursuant to 15 U.S.C. § 1125(d)(2), 28 U.S.C. § 1655, and interpretive case law. Plaintiff is informed and believes, and therefore alleges, that this Court lacks *in personam* jurisdiction over the Registrant of the Disputed Domain, who would have been the defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(1). On information and belief, Registrant is an entity with its principal place of

business in the country of Panama and does not have the requisite contacts for this Court to establish *in personam* jurisdiction over the Registrant.

11. The Disputed Domain was registered to Registrant, in violation of Plaintiff's rights at common law, statute, and in its www.puretalkusa.com common law trademark and PURETALK™ service mark (the "**Marks**"), which are protected under 15 U.S.C. § 1125(a).

## FACTUAL BACKGROUND

12. Plaintiff is a telecommunications company based in the United States that offers cellular phone services to its customers.

13. Plaintiff has been a leader in the industry since approximately 2004.

14. The Disputed Domain was registered on October 2, 2003, by an unknown third party.

15. Sometime after 2004, the Disputed Domain was transferred to the Registrar, based in Panama, who has since acted in bad faith in utilizing the Disputed Domain.

16. On information and belief, the Disputed Domain constitutes a deceptive use of Plaintiff's existing Marks and was registered, and is currently being used, for the sole purpose of misleading and deceiving internet users who search for Puretalk's domain, but instead are redirected to Puretalk's competitors.

17. On information and belief, the Disputed Domain does not, and cannot, reflect the legal name of the registrant of the Disputed Domain, nor can it have been registered or transferred to the Registrar in good faith.

18. The Disputed Domain is likely to be confused with Plaintiff's legitimate online locations and other services and infrastructure, located at <puretalkusa.com>, along with Plaintiff's emails and similar communications systems, and further likely to cause actual customer confusion in the marketplace.

19. By way of example, upon entering the Disputed Domain into an internet browser, users are redirected to a Verizon Wireless branded page, a direct competitor of the Plaintiff. As such, customers who currently search for Plaintiff's domain would be led to believe that Plaintiff's product is affiliated with Verizon Wireless, which is not the case, and Plaintiff would suffer harm to its business as a result.

20. Additionally, in the past, the Disputed Domain has served as a repository for harmful advertisement links that are not related to the Marks but which show confusing similarity to the Plaintiff's Marks. Archived screenshots of the Disputed Domain are attached hereto as **Exhibit C**.

21. Plaintiff's federal registration of the PURETALK™ Mark is conclusive evidence of the validity of the Mark, Plaintiff's ownership of the Mark, and Plaintiff's exclusive right to use the Mark in commerce.

## FIRST CLAIM FOR RELIEF

### Anticybersquatting Consumer Protection Act (ACPA)

22. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs of this complaint.

23. Plaintiff is the owner of the distinctive and famous Marks [www.puretalkusa.com](www.puretalkusa.com) and PURETALK™.

24. The Marks are distinctive of Plaintiff's services, for which it continuously has been used and registered, and were distinctive since at least as early as 2008 when Plaintiff first began using its Marks in commercial settings.

25. Registrant has no rights in Plaintiff's Marks nor the Disputed Domain.

26. Registrant's Disputed Domain is confusingly similar to Plaintiff's Marks.

27. Registrant has registered, trafficked in, used, and is using the Disputed Domain with the bad faith intent to profit from Plaintiff's Marks.

28. Registrant's actions constitute a violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

29. Plaintiff has been, is now, and will continue to be, irreparably harmed by Registrant's aforementioned acts, and, unless enjoined by the Court, Registrant's unauthorized use of the Disputed Domain will continue, and there is no adequate remedy at law for the harm caused by Registrant's acts.

30. Upon information and belief, this Court lacks *in personam* jurisdiction over the Registrant, who would otherwise be the defendant in an action under 15 U.S.C. § 1125(d).

31. Because Plaintiff owns the exclusive rights to the Marks, and Registrant has no rights to them whatsoever, it is appropriate for this Court to declare that Plaintiff is the rightful owner of the Disputed Domain and order the prompt transfer of the Disputed Domain to Plaintiffs.

## SECOND CLAIM FOR RELIEF

### Quiet Title

32. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs of this complaint.

33. Plaintiff has valid legal and equitable title to the Disputed Domain.

34. Plaintiff's title to the Disputed Domain is superior to any claim of title by Registrant.

35. Through their control of the Disputed Domain, Registrant has asserted a claim that constitutes a cloud on Plaintiff's title.

36. Plaintiff's good title to the Disputed Domain should not be subjected to various future claims against its title.

## THIRD CLAIM FOR RELIEF

### Conversion

37. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs of this complaint.

38. As stated previously, Plaintiff has valid and equitable title to the Disputed Domain.

39. Defendant has exercised dominion and control over the Disputed Domain, in violation of Plaintiff's rights over the same.

40. Plaintiff has been deprived the use and possession of the Disputed Domain due to Defendant's actions.

41. Plaintiff has been damaged by Defendant's actions through the promotion of Plaintiff's competitors at the Disputed Domain.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a) Declare, adjudge, and decree that Plaintiff is the sole legal and equitable owner for the Disputed Domain;

(b) Direct that the Disputed Domain be transferred and registered to Plaintiff; and

(c) Award such other and further relief that this Court may deem just and equitable.

Respectfully submitted this 4th day of December 2019.

| | |
|---|---|
| **HARMAN CLAYTOR CORRIGAN & WELLMAN, PC** | **WEENER & NATHAN, LLP** |
| /s/ Danielle D. Giroux | /s/ Eric J. Nathan |
| Danielle D. Giroux | Eric J. Nathan |
| VSB No. 45401 | Georgia Bar No.: 535280 |
| 1900 Duke Street, Suite 210 | Devin B. Phillips |
| Alexandria, VA 22314 | Georgia Bar No. 189782 |
| Telephone: 804-747-5200 | 5887 Glenridge Drive, N.E. |
| Facsimile: 804-747-6085 | Suite 275 |
| dgiroux@hccw.com | Atlanta, GA 30328 |
| | Telephone: (770) 392-9004 |
| | Facsimile: (770) 522-9004 |
| | Emails: nathan@wnllp.com; dphillips@wnllp.com |
| | *(Pro Hac Vice Application forthcoming)* |
| | *Attorneys for Plaintiff Puretalk Holdings, Inc.* |